PILLSBURY WITHROP SHAW PITTMAN LLP
Richard H. Zaitlen (SBN 063283)
richard.zaitlen@pillsburylaw.com
Carolyn S. Toto (SBN 233825)
carolyn.toto@pillsburylaw.com
725 S. Figueroa St., Suite 2800
Los Angeles, CA  90017
Phone:   (213) 488-7100
Fax:      (213) 629-1033

David A. Jakopin (SBN 209950)
david.jakopin@pillsburylaw.com
2475 Hanover St.
Palo Alto, CA  94303
Phone:   (650) 233-4500
Fax:      (213) 233-4545

Attorneys For Plaintiff INPHI CORPORATION

PRUETZ LAW GROUP LLP
Adrian M. Pruetz (SBN 118215)
ampruetz@pruetzlaw.com
Erica J. Pruetz (SBN 227712)
ejpruetz@pruetzlaw.com
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Phone:   (310) 765-7650
Fax:      (310) 765-7641

LEE TRAN & LIANG APLC
Enoch H. Liang (SBN 212324)
ehl@ltlcounsel.com
Steven R. Hansen (SBN 198401)
srh@ltlcounsel.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Phone:   (213) 612-3737
Fax:      (213) 612-3773

Attorneys For Defendant NETLIST, INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| INPHI CORPORATION, a Delaware Corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>NETLIST, INC., a Delaware Corporation,<br><br>          Defendant. | No. CV09-8749 AHM (CWx)<br><br>STIPULATED PROTECTIVE ORDER<br>**AS MODIFIED BY THE COURT**<br>Courtroom:   14<br>Judge:        Hon. A. Howard Matz |

1    The parties hereto, by their respective counsel, have determined that certain

2    documents, testimony and information to be provided or produced in this action may

3    possess confidential, proprietary trade secret or otherwise competitively sensitive

4    information, and desiring to obtain a Protective Order entered by this Court to

5    protect such information from unnecessary disclosure, hereby STIPULATE AND

6    AGREE, subject to this Court's approval and Fed. R. Civ. P. Rule 26(c), that the

7    following provisions shall govern the handling of such confidential information and

8    documents in the above captioned matter:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials and information produced in this case may be labeled as one of two categories:  CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY, as set forth in Items A-B below.  The two identified categories of information shall be identified collectively in this Order by the title "Protected Information."  Any document derived from or containing "Protected Information" must also be designated with the appropriate category of confidentiality, according to the terms of this Order.  Any discovery materials and information produced in this lawsuit as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY may be used only for purposes of this litigation.

A. **Information Designated as "Confidential"**

The term "Confidential Information" as used in this Order shall mean all information or material produced for or disclosed to a Receiving Party that the Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or court order, considers to constitute or to contain trade secrets or other confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.  Such information may include customer lists, sales records, invoices, price lists, blueprints, circuit diagrams, Source Code, block diagrams, process flow diagrams, manufacturing instructions, specifications, standard operating procedures, planning documents, market surveys, competitive intelligence, test methods, or other documents referring to, reflecting, and/or incorporating the foregoing.  The term "trade secret" shall be defined according to the definition in California Civil Code § 3426.1 as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

1.      Any document or tangible thing containing or including any Confidential Information may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.

2.      All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

3.      Except as otherwise provided elsewhere in this protective order and/or in any supplemental protective order entered in this matter, any documents (including physical objects) other than Source Code made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Confidential Attorneys' Eyes Only information and shall be subject to this Order.  Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, or CONFIDENTIAL ATTORNEYS' EYES ONLY, whereas Source Code must be initially designated as CONFIDENTIAL ATTORNEYS' EYES ONLY-SOURCE CODE.

4.      Documents and information designated CONFIDENTIAL by a Producing Party may be disclosed or provided  by a Receiving Party only to:

      a.  The Court;

      b.  Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this action;

c.  Outside counsel for the named parties and employees of such counsel to whom it is necessary that the Confidential Information be disclosed for purposes of this litigation;

d.  up to two (2) in-house counsel with responsibility for managing or evaluating its participation in this litigation, and up to five (5) non-attorney officers, directors, and employees to whom disclosure is reasonably necessary for this litigation, following identification of each in-house counsel, employee or officer to each of the other parties, and provided that (1) prior to disclosure of such discovery material to any such individual, outside litigation counsel for the receiving party first obtains from such individual a signed Undertaking attached here to as Exhibit A, (2) such outside litigation counsel maintains a copy of such Undertaking and produces a copy of such Undertaking to counsel for each of the other parties within seven (7) calendar days after execution;

e.  Outside consultants and experts assisting counsel in this litigation, subject to the provisions of paragraphs 22 to 26 below who have executed the Undertaking attached hereto as Exhibit A;

f.  Employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents;

g.  With respect to a particular document, an individual who is shown on the face of the document to have been an author, addressee, or recipient of that document;

h.  Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trial, or other court proceedings in the action; and

i. Any other person upon the prior written agreement of the Producing Party (which agreement may be recorded in a deposition or other transcript).

B. **Information Designated as "Attorneys' Eyes Only"**

5. The term "Attorneys' Eyes Only" as used in this Order means Confidential Information that the producing party believes in good faith constitutes, contains and/or reflects sensitive information that would not be adequately protected under the procedures set forth herein for Confidential Information designated as "CONFIDENTIAL." For instance, documents containing competitively sensitive trade secrets, or other confidential or proprietary business and/or personal information, the disclosure of which to other parties or third parties would competitively disadvantage the producing party, may be designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY." Such information may include customer lists, sales records, invoices, price lists, blueprints, circuit diagrams, Source Code, block diagrams, process flow diagrams, manufacturing instructions, specifications, standard operating procedures, planning documents, market surveys, competitive intelligence, test methods, or other documents referring to, reflecting, and/or incorporating the foregoing.

6. Documents and information designated CONFIDENTIAL ATTORNEYS' EYES ONLY by a Producing Party may be disclosed or provided by a Receiving Party only to:

a. The Court;

b. Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this action;

c. Outside counsel for the named parties and employees of such counsel to whom it is necessary that the Confidential Attorney's Eyes Only Information be disclosed for purposes of this litigation;

[Proposed] Stipulated Protective Order with Order.doc

d.  Outside consultants and experts assisting counsel in this litigation, subject to the provisions of paragraphs 22 to 26 below, who have executed the Agreement attached hereto as Exhibit A;

e.  Employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents;

f.  With respect to a particular document, an individual who is shown on the face of the document to have been an author, addressee or recipient of that document;

g.  Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trial, or other court proceedings in the action; and

h.  Any other person upon the prior written agreement of the party or non-party who designated the Confidential Information as "Attorneys' Eyes Only" (which agreement may be recorded in a deposition or other transcript).

**C. Information Designated as "Attorneys' Eyes Only- Source Code"**

7.  The term "Attorneys' Eyes Only-Source Code" as used in this Order means Confidential Information that the producing party believes in good faith constitutes, contains and/or reflects sensitive information that would not be adequately protected under the procedures set forth herein for Confidential Information designated as "CONFIDENTIAL ATTORNEYS EYES ONLY." Such information will include only "Source Code" that is defined as computer code that defines or otherwise describe in detail the algorithms or structure of software or hardware designs.  Source code includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware

design of any ASIC or other chip, and similarly sensitive implementation details.

8. Documents and information designated CONFIDENTIAL ATTORNEYS' EYES ONLY-SOURCE CODE by a Producing Party may be disclosed or provided by a Receiving Party only to:

   a. The Court;

   b. Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this action;

   c. Outside counsel for the named parties and employees of such counsel to whom it is necessary that the Confidential Attorney's Eyes Only-Source Code Information be disclosed for purposes of this litigation;

   d. Outside consultants and experts assisting counsel in this litigation, subject to the provisions of paragraphs 22 to 26 below, who have executed the Agreement attached hereto as Exhibit A;

   e. With respect to a particular document, an individual who is shown on the face of the document to have been an author, addressee or recipient of that document;

   f. Any other person upon the prior written agreement of the party or non-party who designated the Confidential Information as "Attorneys' Eyes Only-Source Code" (which agreement may be recorded in a deposition or other transcript).

9. Any Source Code that is produced by Defendant shall be made available for inspection in electronic format at the El Segundo office of its outside counsel, Pruetz Law Group, or any other location mutually agreed by the parties.  Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Los Angeles office of its outside counsel, Pillsbury Winthrop Shaw Pittman, LLP, or any other location mutually agreed by the parties.  Source Code will be made available for

-7-

inspection between the hours of 8 a.m. and 6 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

10. Prior to the first inspection of any requested piece of Source Code, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide two (2) days notice prior to any additional inspections.

11. Source code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

    i. All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.

[Proposed] Stipulated Protective Order with Order.doc

ii.  The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but collectively and cumulatively together may not copy substantial portions (i.e., no more than ten consecutive lines and no more than fifty cumulative lines) of the Source Code into the notes.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  Subject to the other provisions of this Order, the Receiving Party may bring with it laptop computers.

iii.  The Producing Party shall make available a printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when absolutely and directly necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report, internal attorney work product materials, consulting expert written analyses, and related drafts and correspondence).  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when absolutely and directly necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report, internal attorney work product materials, consulting expert written analyses,

-9-

and related drafts and correspondence).  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  If the Producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within seven (7) days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within seven (7) days of the Receiving Party's request.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

iv.  All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least two (2) days in advance of the first time that such person reviews such Source Code.  All persons viewing Source Code in the Producing Party's Source Code Review Room shall sign on each day they view Source Code a log that will include the names

[Proposed] Stipulated Protective Order with Order.doc

of persons who enter the locked room to view the Source Code and when they enter and depart, which log will be maintained at the site of the Producing Party.

v. Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

vi. Other than as provided in Paragraph 11(iii) above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

vii. The Receiving Party's outside counsel of record may make additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(iii), not including copies attached to court filings or used at depositions, and shall maintain a paper copy log of all paper copies of the Source Code received from a Producing Party that are delivered by the Receiving Party to any

-11-

qualified person under Paragraph 8(c) above.  The paper copy log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  The log shall be provided by the Receiving Party to the Producing Party at the conclusion of this litigation. If the Producing Party believes in good faith that it needs to inspect the log during the pendency of the litigation, it shall request production of the log from the Receiving Party. If the Receiving Party declines to produce the log, the Producing Party may move the Court for an order compelling such production. In any such motion, it shall be the Producing Party's burden to demonstrate that its need for access to the log outweighs the Receiving Party's interest in protecting privilege or work product immunity, to the extent that either applies.

viii. The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

ix. Provided that it complies with Paragraph 16 of this Order, the Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as CONFIDENTIAL - ATTORNEYS' EYES

-12-

ONLY - SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE. Subject to Paragraph 16 and other applicable provisions of this Order, the Producing Party agrees to make Source Code available at those depositions where the Receiving Party requests such Source Code to be available by providing at least seven (7) days prior written notice.

x. Except as provided in this sub-paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from a paper copy for use on a computer (e.g., may not scan the Source Code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of selected portions of the Source Code only when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. Electronic copies of Source Code (excluding excerpts contained in pleadings, briefs and other work product) shall be included on the log required in Paragraph 11(vii). All electronic

-13-

copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

xi. Notwithstanding any other provision herein, to the extent that a Producing Party intends to rely on its source code for purposes of making any argument or in any pleading, expert report, motion, or at trial, the Producing Party agrees to produce a paper and/or electronic copy of all source code so relied on to the Receiving Party at least twenty-one (21) days prior to the earlier of the close of fact discovery and/or the deadline for submitting expert reports.

## **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

12. The parties shall use reasonable care when designating documents or information as Protected Information, Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated. Unless prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

13. A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the Receiving Party will bear

-14-

the burden of requesting that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

14. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

15. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this protective order in connection with the prosecution or defense of claims in this action and any appeals arising from this action, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to any person who is not entitled to receive such information.

16. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

   a. A present or former director, officer, employee of a Producing Party, may be examined and may testify at deposition concerning all Protected Information which has been produced by that party and either (1) identifies on its face the director, officer and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify.

   b. Non-parties may be examined or testify at deposition concerning any document containing Protected Information of a Producing Party which appears on its face or from other documents or testimony to have been

-15-

received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to examination, the Producing Party shall request that the attorney provide a signed undertaking, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such an undertaking, the parties, by their attorneys, shall jointly seek a protective order from the Court, prohibiting the attorney from disclosing Protected Information.

17. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs and other documents submitted to the Court that have been designated as Protected Information or which contain information so designated, shall be submitted for filing under seal in a manner prescribed by the Court for such filings.

18. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without

-16-
_____
[PROPOSED] STIPULATED PROTECTIVE ORDER

further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released to outside counsel of record except by order of the Court or as otherwise provided for hereunder.

19. Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data-retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

20. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by the reporter.  This request may be made orally during the deposition or in writing within twenty-one (21) days of receipt of the final certified transcript.  Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

21. Where Protected Information is to be used at trial by a party other than the Designating Party, the Designating Party must be notified at least 10 days before trial, so that the Designating Party may seek further court orders to ensure that its Protected Information remains confidential.

## DISCLOSURE OF OUTSIDE CONSULTANTS AND EXPERTS

22. Information designated as Protected Information by a Producing Party may be furnished and disclosed to outside consultants and experts (i.e., consultants and experts who are not employed by the Receiving Party) who have been retained by the Receiving Party to assist in maintaining, defending, or evaluating this litigation.

23. No disclosure of a Producing Party's Protected Information to a Receiving Party's outside consultant or expert shall occur until that person has completed and signed the undertaking attached as Attachment A, until a signed copy of the undertaking has been provided to the Producing Party, and until any objection made by the Producing Party has been resolved, or until the period set forth below for making such objection has expired if no such objection has been made.

24. A Receiving Party wishing to disclose a Producing Party's Protected Information to an outside consultant or expert shall give prior written notice to the Producing Party, who shall have seven (7) business days after such notice is given to object in writing.  The notice provided to the Producing Party shall include a completed and signed copy of the undertaking attached as Attachment A, the name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which the outside consultant or expert has testified at trial or by deposition within the preceding four (4) years.  The Producing Party's Protected Information

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Proposed] Stipulated Protective Order with Order.doc

shall not be disclosed to the outside consultant or expert prior to the expiration of the seven (7) business day notice period.

25. A Producing Party objecting to the disclosure of its Protected Information to a Receiving Party's outside consultant or expert shall state with particularity the ground(s) of the objection.  The Producing Party's consent to the disclosure of its Protected Information to an outside consultant or expert shall not be unreasonably withheld.

26. If despite the Producing Party's objection, the Receiving Party refuses to withdraw its outside consultant or expert, the Receiving Party must provide notice to the Producing Party. The Receiving Party shall then have seven (7) business days following the giving of such notice in which to move the Court for a ruling on the Producing Party's objection.  If no such motion is made within the seven (7) day period, the Receiving Party shall be deemed to have waived its right to seek a ruling on the Producing Party's objection and no disclosure of Protected Information to the outside expert or consultant shall be made.  In the event such a motion is made, the Receiving Party shall not disclose the Producing Party's Protected Information to the outside consultant or expert until the Court resolves the objection.

## NONPARTY USE OF THIS PROTECTIVE ORDER

27. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

28. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## NO WAIVER OF PRIVILEGE

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Proposed] Stipulated Protective Order with Order.doc

29. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any such privilege, doctrine, right or immunity.  If any party inadvertently or unintentionally produces material protected under the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials.  The recipient(s) shall gather and return all copies or certify the destruction of the privileged or immune material to the Producing Party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party.   Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question) by submitting a written challenge to the Court.  Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

[PROPOSED] STIPULATED PROTECTIVE ORDER

[Proposed] Stipulated Protective Order with Order.doc

30. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

31. The restrictions on use of Protected Information set forth in this Protective Order shall not apply to: (a) any information or material which at the time of disclosure to a receiving party is publicly known or available; (b) any information or material which at the time of disclosure to a receiving party is publicly known or available; (c) any information or material which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and (d) any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's Confidential Information.

32. Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the two categories of Protected Information at the time of production shall not be deemed a waiver, in whole or in part, of a claim for confidential treatment. The Producing Party shall notify the receiving parties promptly in writing after the discovery of the error and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected

[PROPOSED] STIPULATED PROTECTIVE ORDER

Information in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

33. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the Receiving Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work-product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order.  Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trail briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only.  Any CONFIDENTIAL ATTORNEYS' EYES ONLY-SOURCE CODE information, including the logs thereof, will be returned to the Producing Party.  If a party destroys Protected Information (other than CONFIDENTIAL ATTORNEYS' EYES ONLY-SOURCE CODE information which is agreed not to be destroyed), the destruction

must be by means satisfactory to the Producing Party, and the party must provide a Certificate of Destruction to the Producing Party.

34. If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall within three (3) business days give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents with ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

35. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protection of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

36. Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

37. Subject to the restrictions of paragraph 15-16, nothing in this Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon any Protected Materials in a manner not specifically authorized under this Protective Order.

-23-

38. The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Central District of California, Western Division.

39. No party shall be required to identify on its privilege log any document or communication dated on or after and/or created on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.

40. Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation.  No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion this case.  Materials, communications and other information exempt from

-24-

discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation and protective order.  Nothing in this paragraph shall be construed to bar discovery from any current or former employees of any of the parties to this lawsuit, or any other persons with knowledge of relevant facts; provided however that their communications with testifying and/or consulting experts will be treated in accordance with this paragraph.

DATED:  September 14, 2010     **PRUETZ LAW GROUP LLP**


By  /s/ Adrian M. Pruetz
_____
Adrian M. Pruetz
Attorneys for Defendant Netlist, Inc.


DATED: September 14, 2010     **PILLSBURY WINTHROP SHAW PITTMAN LLP**


By  /s/ Richard H. Zaitlen
_____
Richard H. Zaitlen
Attorneys for Plaintiff Inphi Corporation


**IT IS SO ORDERED**.

DATED:  September 27, 2010


By               /S/
_____
Carla M. Woehrle
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Proposed] Stipulated Protective Order with Order.doc

## ATTACHMENT A TO STIPULATED PROTECTIVE ORDER

I reside at _____ .

My present employer is _____ .

1.     My present occupation or job description is _____ .

2.     I am an inventor, applicant, assignee, and/or involved in the filling or prosecution of the following patents and patent applications (identify by number, country, and subject matter if not published): _____ .

3.     I have read the Agreed Protective Order dated _____ , 2010, and have been engaged as _____ on behalf of _____ in connection with the litigation styled Inphi Corporation v. Netlist, Inc.

4.     I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents designated as CONFIDENTIAL AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writing prepared by me containing any CONFIDENTIAL AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

5.     I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

6.     I agree that with the exception of my work on this litigation, I will not consult, advise, or otherwise obtain employment with any competitor of any Producing Party from which I have received or been provided access to Confidential Information in the subject areas of the

products or businesses at issue in this litigation without the consent of the Producing Party (ies), which consent shall not be unreasonably withheld.  This obligation expires two years after the final termination of this litigation.

       8.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  _____ , at  _____

_____

[PROPOSED] STIPULATED PROTECTIVE ORDER

[Proposed] Stipulated Protective Order with Order.doc